[No. 16402.   Department One.   June 14, 1921.]

## P. A. POLLEY et al., Respondents, v. F. W. PEABODY et al., Appellants.[1]

PRINCIPAL AND AGENT (6)—EVIDENCE (154.)—PAROL EVIDENCE OF AGENCY—ADMISSIBILITY. In an action against an agent for fraud in misrepresenting the true price of land purchased by him for the plaintiffs under a verbal agreement, parol evidence is admissible to establish the agency, notwithstanding the existence of written instruments in the transaction, where such instruments do not state the employment and the parol evidence does not seek to alter or vary their terms.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered April 20, 1920, upon the verdict of a jury in favor of the plaintiff, in an action to recover certain money advanced to an agent. Affirmed.

*Earl W. Husted,* for appellants.

*D. W. Locke* and *C. T. Roscoe,* for respondents.

MACKINTOSH, J.—The Polleys prosecuted this action to recover from the Peabodys certain sums of money alleged to have been given to F. W. Peabody in pursuance of a verbal agreement whereby he was employed as the Polleys' agent to purchase for them certain property in Snohomish county, and to advance for them a portion of the purchase price by way of a loan. They allege they paid to Peabody the sum of $1,013.75, but that he used only the sum of $771.50 in making payment for the premises, and that he had retained the balance, less reasonable compensation for his services, and this action is for the sum of such balance, to wit, $204.75. By affirmative defense, the appellants allege that the property was purchased by the respondents under a written memorandum. In their reply, respond-

[1]Reported in 198 Pac. 731.

ents admit the memorandum, but deny that the memorandum amounted to a contract.

The essential question in the case is whether the appellant was the agent of the respondents. Although the appellants allege many errors, the only one they have seen fit to argue is whether the trial court was in error in admitting parol evidence to establish the agency. The evidence is amply sufficient to sustain the respondents' position, if it was properly admitted. The written evidence consists of four instruments; first, a receipt signed by Peabody for $50, as earnest money to be returned if the property was not secured; second, a receipt signed by Peabody for $50, to be applied on the purchase price of $950; third, a receipt signed by one Otto for $50, upon the purchase price of $850; and fourth, an escrow memorandum between respondents and appellants, showing the price to be $750. The parol evidence was not introduced for the purpose of varying or altering the escrow agreement, but merely to establish the fact that Peabody had been employed as the respondents' agent, and while acting as such agent had purchased the premises in question with their money, concealing from them the true price at which he had made the purchase, and falsely and fraudulently representing to them that the price paid was in excess of the price for which he had actually secured the property. The escrow agreement does not state the contract whereby the respondents employed the appellant, and, moreover, there was sufficient evidence to show that the signature of the respondents to it had been secured by fraud and misrepresentation.

Examination of the case discloses no error, and the judgment is affirmed.

PARKER, C. J., BRIDGES, HOLCOMB, and FULLERTON, JJ., concur.